UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS B. FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. SHIRLEY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-00020-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S REQUEST REGARDING HIS LEGAL MAIL BE DENIED<br><br>(ECF No. 8.) |

　　　Plaintiff Jonas B. Foster is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On January 21, 2021, Plaintiff filed a notice indicating that he suspects mail tampering by prison officials and requests an investigation. (ECF No. 8.) The Court construes Plaintiff's notice as a request for a preliminary injunction.

**I.**

**DISCUSSION**

　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

1 favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may
2 only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

3       Federal courts are courts of limited jurisdiction and in considering a request for preliminary
4 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
5 an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian
6 Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court
7 does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.
8 Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison
9 Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
10 extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
11 means necessary to correct the violation of the Federal right."

12       Furthermore, the pendency of this action does not give the Court jurisdiction over prison
13 officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United
14 States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action
15 and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93;
16 Mayfield, 599 F.3d at 969.

17       Here, Plaintiff contends that on January 14, 2021, his legal mail was opened.  Plaintiff's motion
18 does not demonstrate that he is likely to succeed on the merits, that he will suffer irreparable harm in
19 the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the
20 public interest.  Further, the Court has yet to screen Plaintiff's complaint, no Defendant has been
21 ordered served, and no Defendant has yet made an appearance. At this juncture, the Court lacks
22 personal jurisdiction over any Defendant, or any third party that might be subject to an injunction, and
23 it cannot issue an order requiring any other party to take any action. Zenith Radio Corp., 395 U.S. at
24 110; Ross, 504 F.3d at 1138−39.  In addition, based on a cursory review of Plaintiff's complaint, the
25 relief sought in this motion is different in kind from the that set forth in the complaint.  Indeed, the
26 motion is based on alleged mail interference that took place after this action was filed.  It is
27 appropriate to grant a preliminary injunction providing "intermediate relief of the same character as
28 that which may be granted finally. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945).  A

court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Accordingly, Plaintiff's request must be denied.

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's request for a preliminary injunction (ECF No. 8) be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 22, 2021**

UNITED STATES MAGISTRATE JUDGE