1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   JONAS B. FOSTER,                    )   Case No.: 1:21-cv-00020-DAD-SAB (PC)
                                         )
12            Plaintiff,                 )
                                         )   FINDINGS AND RECOMMENDATIONS
13   v.                                  )   RECOMMENDING DISMISSAL OF ACTION
                                         )   FOR FAILURE TO STATE A COGNIZABLE
14   H. SHIRLEY, et al.,                 )   CLAIM FOR RELIEF
                                         )
15            Defendants.                )   (ECF No. 17)
                                         )
16                                       )
                                         )
17   _____)

18        Plaintiff Jonas B. Foster is proceeding *pro se* and *in forma pauperis* in this civil rights action

19   pursuant to 42 U.S.C. § 1983.

20        Currently before the Court is Plaintiff's second amended complaint, filed on June 1, 2021.

21                                        **I.**

22                         **SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court

25   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26   or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

27   relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28

28   U.S.C. § 1915A(b).

                                          1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

Prison officials disregarded a known risk and failed to take any steps to address it. The known risk is the fact that CDCR staff at Wasco State Prison would test for COVID-19 after reporting to their assigned post. If CDCR staff at Wasco State Prison were tested prior to reporting to their assigned post, the virus would not have been contracted by inmates through staff.

## III.

## DISCUSSION

### A.       Conditions of Confinement

Insofar as Plaintiff is attempting to sue Warden Shirley based solely upon her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales v. Bennett, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Plaintiff must meet both the objective and subjective requirements to show an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. at 834. "First, the deprivation must be,

objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." Id. (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety ...." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

It is clear that COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.).

However, in order to state a cognizable Eighth Amendment claim against Warden Shirley or any other individual, Plaintiff must provide more than generalized allegations that she did not do to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison).

Plaintiff alleges that prison officials would report to their assigned post prior to being tested for COVID-19.  The relevant determination is Plaintiff has demonstrated that Warden Shirley or any other individuals actions demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether prison officials perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." See Stevens v. Carr, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021).

Plaintiff has not alleged facts demonstrating that he has been subjected to a high risk of exposure to COVID-19. To prove an Eighth Amendment violation, Plaintiff must show more than negligence on the part of defendants. Rather, he must show that Defendants took actions in deliberate indifference to the serious health consequences to Plaintiff.   Plaintiff has simply failed to provide facts to support his claim that Defendants acted with deliberate indifferent to the risk of Plaintiff contracting the COVID-19 virus.

Plaintiff's allegations demonstrate, at most, negligence on the part of prison officials. However, even if the response at Wasco Reception Center was inadequate, Plaintiff must demonstrate that the prison official disregarded a known risk or failed to take any steps to address the risk. Wilson v. Williams, 961 F.3d 829, 843 (6th Cir. 2020); see also Maney v. Brown, No. 6:20-CV-00570-SB, 2020 WL 2839423, at *3 (D. Or. June 1, 2020) ("the question is not whether [defendant] can do better, the question is whether [defendant] has acted with indifference to the risks posed by COVID-19."). Plaintiff has simply failed to attribute any specific conduct to any prison officials, and he names only Warden Shirley as a Defendant.  As explained, above, supervisor liability is insufficient to state a cognizable claim against these defendants.  While Plaintiff's concerns about the COVID-19 are valid, there is simply nothing in his second amended complaint that demonstrates Warden Shirley or any other prison official specifically disregarded the risk Plaintiff faced.  At most, Plaintiff has alleged potential negligence on the part of prison officials which is not sufficient under the Eighth Amendment. Farmer, 511 U.S. at 835 (deliberate indifference requires the defendant to have a subjective "state of mind more blameworthy than negligence."); Swain v. Junior, 958 F.3d 1081, 1089 (11th Cir. 2020) (noting that neither the resultant harm in COVID-19 infections or the inability to

achieve social distancing constituted a state of mind more blameworthy than negligence.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B.     Further Leave to Amend**

Because Plaintiff has had two opportunities draft a viable complaint, and his current complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. Zucco Partners v. LLC. v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (quotations and citations omitted).  Therefore, the Court recommends that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

**IV.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2021**

_____
UNITED STATES MAGISTRATE JUDGE